L. Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5564
F: (818) 600-5464
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff*
*Clifton Rogers*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON ROGERS,<br><br>    Plaintiff,<br><br>  v.<br><br>CREDIT CONTROL, LLC,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **FDCPA, 15 U.S.C. § 1692 et seq.**<br>2. **RFDCPA, Cal. Civ. Code § 1788 et seq.** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Clifton Rogers ("Plaintiff") alleges Defendant Credit Control, LLC ("Defendant" or "Credit Control") has violated his rights as provided by the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act.

### INTRODUCTION

1. Plaintiff's Complaint is based upon the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.,* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*, which prohibits debt collectors from

engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

2. The District Court has federal question jurisdiction over these claims pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Supplemental jurisdiction of this court arises under 28 U.S.C. § 1367 because the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the US Constitution.

4. This District Court has diversity jurisdiction over these claims pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a resident of California and Defendant is a resident of Missouri at the time of this Complaint, and the amount in controversy exceeds $75,000.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Venue is proper because Plaintiff resides here.

7. Venue is also proper in this District because Defendant transacts business here.

## PARTIES

8. Plaintiff is a person as defined by Cal. Civ. Code § 1788.2(g) and is obligated or allegedly obligated to pay any debt. He is therefore a "consumer" as defined by the

FDCPA, 15 U.S.C. § 1692a(3). Plaintiff resides in the City of Mount Shasta, California.

9. Defendant is a corporation that regularly conducts business in California on a routine and systematic basis. Defendant's headquarters are located at 3300 Rider Trail S, Suite 500, Earth City, MO 63045.

10. Defendant can be served through its registered agent, C T Corporation System, located at 330 N Brand Blvd, Suite 700, Glendale, CA 91203. Defendant is in the business of contacting consumers to collect consumer debt.

11. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is therefore a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(6) and Cal. Civ. Code § 1788.2(c). Defendant regularly uses the telephone and mail to engage in the business of collecting debts and/or alleged debts from consumers in several states, including California.

12. Any violations by the Defendant as set forth in this Complaint were knowing and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

13. During all time pertinent to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

14. Credit Control regularly engages in the collection or attempted collection of defaulted consumer debts owed to others.

15. Credit Control is a business, the purpose of which is the collection of defaulted consumer debts.

16. In attempting to collect debts, Credit Control uses instruments of interstate commerce such as the mail, the telephone, and the internet.

17. Credit Control mailed, or caused to be mailed, a letter (hereinafter "Letter") dated February 22, 2021 to Plaintiff in an attempt to collect a debt. Credit Control account #30012096.

18. Upon information and belief, the Letter was mailed on or after the Letter's date.

19. Underneath the heading "Please Read Important Disclosures," the letter iterates Credit Control's disclosure obligations under 15 U.S.C. §1692g(a). However, **immediately below this paragraph and in the same section**, the letter states, in pertinent part:

> You may request records showing the following: (1) that JHPDE Finance I, LLC has the right to seek collection of the debt; (2) the debt balance, including an explanation of any interest charges and additional fees; (3) the date of default or the date of the last payment; (4) the name of the charge-off creditor and the account number associated with the debt; (5) the name and last known address of the debtor as it appeared in the charge-off creditor's or debt buyer's records prior to the sale of the debt, as appropriate; and (6) the names of all persons or entities that have purchased the debt. You may also request from us a copy of the contract or other document evidencing your

agreement to the debt. A request for these records may be addressed to: PO BOX 248, HAZELWOOD MO 63042.

20. Defendant is aware that merely restating the statutory language of 15 U.S.C. §1692g is not enough to ensure compliance with the FDCPA and that a notice must be effectively conveyed to a debtor, without a design intended to mislead the consumer to disregard the notice.

21. The language "[a] request for these records may be addressed to: PO BOX 248, HAZELWOOD MO 63042" overshadows the mandated validation disclosure, as it imposes obstacles absent from the statute to sending a dispute in the form of suggesting or implying that disputes or verification requests must be submitted to Credit Control in writing and mailed to the specified address.

22. The language above would lead the least sophisticated consumer to believe that mailing Defendant's P.O. Box is a necessary condition for submitting a dispute.

23. Further, underneath the heading "Savings Options," the letter proffers three options for the resolution of the alleged debt, with the statement "[t]his offer will remain open until at least 45 days after you receive this notice. We are not obligated to renew this offer."

24. Such statements frustrated Mr. Rogers' ability to choose a reasonable time to respond to the Letter, as he was unsure of whether the offer would expire immediately after 45 days from receipt or some unknown time period later.

25. The statement had multiple meanings and it is, thus, misleading and deceptive, in violation of the FDCPA.

26. Furthermore, the lack of a firm expiration date and the "we are not obligated to renew this offer" language increases, rather than decreases, the misleading nature of the letter.

27. Furthermore, while the letter demands payment, it offers no due date by which payment under one of the three plans is considered delinquent.

28. The letter also fails to indicate if a payment should be mailed or received by a particular date making it difficult for Plaintiff to accept a settlement offer to resolve the account.

29. Upon information and belief, Defendant intended to give the false impression that if the consumer does not pay the settlement offer by some ambiguous deadline, then the consumer will have no further chance to settle their debt for less than the full amount.

30. Upon receiving and reading the letter, Plaintiff perceived those other offers for less than the full balance would not become available.

31. Since the settlement offers have multiple meanings, they are by nature misleading and deceptive as to their material terms.

32. Defendant knew, or should have known, that the letter was misleading and deceptive.

33. Defendant's attempts to collect an alleged debt from Plaintiff were deceptive, misleading, unfair, unconscionable, and violated numerous provisions of the FDCPA.

34. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, lost sleep, lost time, embarrassment, stress and anxiety, emotional and mental pain, and anguish.

## COUNT I

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e; 15 U.S.C. § 1692e(10)

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The FDCPA is a comprehensive regulatory scheme that Congress enacted to eliminate abusive, deceptive, and unfair debt collection practices by debt collectors and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. §§ 1692(a), (e).

37. When Congress enacted the FDCPA in 1977, Congress had found that abusive debt collection practices harmed consumers by, among other things, increasing personal bankruptcy, marital instability, loss of employment, and invasion of privacy.

38. Defendant violated the FDCPA by making false, deceptive, AND misleading representations that Plaintiff must notify Defendant that Plaintiff disputed the validity of the debt by mailing the dispute to Defendant's P.O. BOX, which is not a requirement imposed by the FDCPA.

39. Defendant also exacerbated the misleading nature of the letter by providing no firm expiration date to an acceptance of Defendant's offer along with the language stating it was "not obligated to renew [the] offer."

40. Defendant's representations were made knowingly and with the intent to deceive and mislead the least sophisticated consumer to introduce further hurdles to disputing the alleged debt and to induce payments for the alleged debt.

41. Defendant's debt collection actions were false, deceptive, or misleading representations or means used by Defendant in connection with the collection of a debt.

42. As a result of the foregoing violations of the FDCPA, Plaintiff suffered injuries in fact, including but not limited to emotional distress, embarrassment, frustration, lost sleep, and interference with usual activities. Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorney fees.

## COUNT II
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Defendant further violated the FDCPA by using unfair or unconscionable means to collect a debt.

45. Defendant's unfair and unconscionable means include, without limitation:

   a. Misleading Plaintiff as to the requirements to dispute the alleged debt;

   b. Depriving Plaintiff of material information as to the settlement offer terms, such as when payments were due, penalties for late payments, or a means to determine when payments would be deemed late;

   c. Misleading Plaintiff as to the consequences of failing to accept the ambiguous settlement offer by misleading Plaintiff to think he will have no other chances to settle his debt;

46. Defendant's actions were false, deceptive, or misleading representations or means used in connection with the collection of a debt.

47. As a result of the foregoing violations of the FDCPA, Plaintiff suffered injuries in fact, including but not limited to emotional distress, embarrassment, frustration, lost sleep, and interference with usual activities. Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorney fees.

## COUNT III
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendant further violated the FDCPA by failing to provide a proper notice of the debt as required by §1692g(a).

50. The language "[a] request for these records may be addressed to: PO BOX 248, HAZELWOOD MO 63042" overshadows the mandated validation disclosure, as it imposes obstacles absent from the statute to sending a dispute in the form of suggesting or implying that disputes or verification requests must be submitted to Credit Control in writing and mailed to the specified address.

51. The language above would lead the least sophisticated consumer to believe that mailing Defendant's P.O. Box is a necessary condition for submitting a dispute.

52. Defendant's actions were false, deceptive, or misleading representations or means used in connection with the collection of a debt.

53. As a result of the foregoing violations of the FDCPA, Plaintiff suffered injuries in fact, including but not limited to emotional distress, embarrassment, frustration, lost sleep, and interference with usual activities. Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorney fees.

## COUNT IV
## VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).
      i. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connections with the collection of the debt.
      ii. Defendant violated 15 U.S.C. § 1692e(10), by using false representation or deceptive means to collect or attempt to collect the debt or obtain information concerning the consumer.
      iii. Defendant violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect any debt.
      iv. Defendant violated 15 U.S.C. § 1692g by failing to provide proper notice of the debt.

56. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

57. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant violated the FDCPA and RFDCPA;

B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civ. Code §1788.30(a);

C. Injunctive relief prohibiting the Defendant's continued abusive debt-collection conduct in violation of the FDCPA;

D. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) and Cal. Civ. Code §1788.30(b);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code §1788.30(c);

F. Any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Should this action be deemed properly one for violations of the discharge injunction, a determination that Plaintiff is entitled to recover actual and

punitive damages, attorney's fees and costs, and such other or further relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted this 22nd day of February 2022.

>*/s/ L. Tegan Rodkey*
>L. Tegan Rodkey (SBN: 275830)
>**PRICE LAW GROUP, APC**
>6345 Balboa Blvd, Suite 247
>Encino, CA 91316
>T: (818) 600-5526
>F: (818) 600-5426
>E: tegan@pricelawgroup.com
>*Attorneys for Plaintiff*
>*Clifton Rogers*